Good morning, Your Honors. May it please the Court, David Peters, appearing for Defendant Denco Enterprises on Rush v. Denco. Basically, Your Honors, I think the briefs, especially the reply brief, hit most of the relevant issues. I have only about five points and would prefer to save them. Only five? Well, as quickly as I can to save them. I assume you pronounce this client Denco, right? I do, Your Honor. And the other one was Flava, is how they said it, just for the record. How did you ask the client that? Did you say, how do you pronounce your name? No, I hear them refer to the business by that name. Anyhow, so... Well, that has plenty of flavor, too. Yeah, undoubtedly. So in this case, I think the real problem is that it's really not a strike clearance case, it's a Rule 8 fair notice case. And what I mean by that is that the second amended complaint, which is at ER 86, paragraph 27, only talks about clear floor area. And that's significant because there were references to strike clearance in the complaint and the first amended complaint, those were removed. And in the second amended complaint, all we are given notice of is clear floor area. And so we know that through Oliver v. Ralphs, the Ninth Circuit case of 2011, we can only get Rule 8 fair notice through the operative pleading, which would be the second amended complaint. We also know through Lou V. Ray, also cited in our brief, a Ninth Circuit case, 1967, that an amended complaint fully supersedes the original, almost as if the original hadn't existed. So then I turned to the appealed MSJ, the motion for summary judgment order, which is at excerpts of record 6 at line 27, and it's talking about wall length, not clear floor area. But in fact, if there is no wall length requirement, you'd rather wait on that ground. This is the concern, Your Honor. I don't think there was Rule 8 fair notice of this claim that the wall needed to be longer. My question is, if in fact there is no requirement of wall length, you wouldn't mind winning on that ground? Certainly wouldn't mind, Your Honor. I would be delighted to see this defended. But on the other hand, even if we hold that wall length is required, then you say you still win this case. You win it to lose it back on remand. One would hope. I do have some comments about the wall length requirement that I was going to get to shortly, but I think this is one of the stronger arguments, that there's simply no Rule 8 fair notice. The district court's declaration specifically refers to plaintiff's declaration at pages 11 to 13, which only have pictures of the wall. She talks about limited clearance in her declaration. Very generally, she says there's limited clearance, and then she only attaches pictures of the wall. So that suggests that the court and plaintiff's counsel felt that those diagrams required the wall to be a certain length. But what do we know about that? I think we know 28 CFR 36.406B, and I have highlights courtesy copies, if it would be helpful, says that basically, in essence, illustrations in the 1991 and 2010 standards do not establish enforceable requirements. So if you actually look at the ADAG section, and it's important to keep in mind that in the motion for summary the full ADAG section, we provided that not only in the record, but in our response. He provided drawings, but he did not provide the full ADAG section, which does not mention the length of a wall. So I don't want to beat that issue to death, but I think it's safe to say that per Henry v. Gill, which was cited in our opening brief at page 29, a motion for summary judgment cannot be granted, even if it was completely unopposed, that the district court would have some... Why was Judge Carter so mad at you all? Well, he seems to have been. I think there were some comments made by plaintiff's counsel that weren't relevant to the case. Whichever. I don't know. But he seems to have not been happy with you. He's actually... I happen to know David Carter. I happen to like him. So it seems out of character. He's ruled in our favor repeatedly, and I, too. It was one of my favorite courts to appear in. My personal belief is that there were some irrelevant comments made. Anyhow, be that as it may, so under Henry v. Gill, I think the district court had to make at least some independent evaluation of the evidence, and so here's the thing. What do we know? The purpose of strike clearance, if we call it that, is I think most commonly from an exit standpoint, that if you put a soft drink dispenser right next to the door and there was an emergency, someone in a wheelchair could be trapped between the door and the soft drink dispenser, which is why for certain types of doors, we have this requirement for clear floor space that's got to be at least 18 inches of clear floor space, maybe even 24 in some cases. So that makes complete sense, and so here's the thing. Number one, even if there were a requirement for an 18-inch wall, this wall was 13 1⁄2 inches. The reason plaintiff thought it was less than that is if you look at her pictures, the door frame is a very small, it's only 11 inches, but we provided color pictures that show 13 1⁄2 inches. Even if you were to accept plaintiff's claim that the wall needed to be 18 inches, we're 4 1⁄2 inches short, and I would respectfully contend under California law, civil code 55.56 A and D.2 say that the condition would need to deny full and equal access, and I think there needed to be a finding that that lack of that extra 4 1⁄2 inches, you know, our 13 1⁄2 inches, she talked about putting her hand on the wall, and that the 13 1⁄2 inches... I don't mean to interrupt, but I wondered, in light of your opening comment, if you wanted to save your last two minutes to reply. Absolutely. Thank you, Your Honor. I would, unless the court had any other questions. Am I missing something on the procedural objection about the fair notice? I think he wins or loses depending upon... Oh, I'm sorry. I forgot. We all know you. Scott Hubbard. I represent Apelli Rushtenko. Now, once again, with your question... The question, the fair notice, it seems to me that he wins or he loses, your opponent, based upon whether there's compliance or non-compliance with the wall. If you're asking me if I think the... I mean, either, unless he says that now 16b applies and you can't amend, I guess that would be an additional reason. I think it's, unlike the other cases that we discussed yesterday, I think the posture of this case comes in not as a question of law, but a question of fact. You asked why Judge Carter was so angry with Mr. Peters. I would suggest the court read, and I looked this up before coming up here, pages 12 through 25 of the answering brief. It was some pretty detailed conduct, and to accuse us of making irrelevant comments without citing to the record or anything like that, I don't know. I'm not entirely certain that the court needs to reach the question of the 18 inches in this case, because opposing counsel didn't file an opposition to our summary judgment motion. He didn't file an opposition to our attorney fee motion. He filed a motion for reconsideration that was also late. So, confronted with this, Judge Carter exercised his discretion of the facts of this case, and... But if it's a matter of law, there's no requirement of a law. Well, it has to be, if memory serves, it has to be a clearly erroneous view of the law, and perhaps... No, no, no, I don't think so, does it? See, that's kind of... I'm a little bit... I try and be accurate. I'm a little confused on that point myself, so... No, the law is the law. The law is the law, and generally speaking, if a court gets the law wrong, then it's a reversible error. But I think the question, as it's presented to this panel, is whether or not the judge got the law wrong on the Rule 60B motion. But that's my... that's my take. Let's see here. Section 404.2 establishes the ADAG standards, opposing counsel's correct, the drawings are offered as illustrations so that people would know what those standards mean. So, yeah, that's true, too. I don't deny that. We live by the... The ADAG is our benefit and our curse, our blessing and our curse. We live by it, we die by it. So, if the ADAG doesn't say something, then we can't. And in this case, the ADAG says what it says. So, if the court doesn't have any questions for me, I'll submit. Thank you. I have no questions. I'm sorry, what? I think... No, he's in a different case. No, I just... I just said I have no questions here. Thank you, Judge Gould. Thank you, Your Honors. Excuse me. Well, I certainly appreciate my opponent's comments. It really does come down to fair notice. All we had was fair notice of clear floor area. There was no evidence whatsoever submitted, not even a picture of the floor, not even Plaintiff Rush's representation that the conditions denied full or equal access, and not a finding by the court that the 13 inches, if you will, was insufficient and would support a denial of full and equal access. So, those are the problems we see. And while I certainly appreciate all of Mr. Hubbard's comments, they wouldn't justify the failure of the court to grant a motion for summary judgment when we only had Rule 8, fair notice, on clear floor area, and there was no evidence to support that. Unless there were any questions, I'll submit. Thank you. I have no questions here.
judges: Motz, Reinhardt, Gould